Submitted April 13, reversed and remanded with instructions to merge guilty verdicts on Counts 1 and 2 into a single conviction for aggravated theft in the first degree and to merge guilty verdicts on Counts 4 and 5 into a single conviction for unauthorized use of a vehicle and for resentencing; otherwise affirmed May 4, 2011

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## WILLIAM ALBERT NOE, JR.,
*Defendant-Appellant.*

Clackamas County Circuit Court
CR0801563; A143213

256 P3d 14

Garrett A. Richardson and Multnomah Defenders, Inc., filed the brief for appellant.

John R. Kroger, Attorney General, Mary H. Williams, Solicitor General, and Patrick M. Ebbett, Assistant Attorney General, filed the brief for respondent.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Nakamoto, Judge.

SCHUMAN, P. J.

## SCHUMAN, P. J.

Defendant was convicted of two counts of first-degree aggravated theft, ORS 164.057; unauthorized use of a vehicle, ORS 164.135 (UUV); and possession of a stolen vehicle, ORS 819.300 (PSV). He raises two assignments of error on appeal. First, he contends that he was convicted on the basis of uncorroborated accomplice testimony. We reject that assignment without discussion. Second, he maintains that the court should have merged all of his convictions. The state concedes, and we agree, that the two first-degree aggravated theft convictions should merge; one conviction was based on theft of a truck and the other was based on theft of parts of that truck. Both counts describe the theft of the same property, albeit in different form, and should therefore merge. *State v. Cox*, 336 Or 284, 292, 82 P3d 619 (2003).

■ We also conclude that the UUV and PSV convictions merge. Under ORS 161.067(1), "[w]hen the same conduct or criminal episode violates two or more statutory provisions and each provision requires proof of an element that the others do not, there are as many separately punishable offenses as there are separate statutory violations." Put differently, convictions for conduct in a criminal episode that violates two or more statutory provisions merge if all of the elements in one provision are subsumed into the elements of the other provision. *State v. Tucker*, 315 Or 321, 331, 845 P2d 904 (1993). Generally, to make that determination, we look only to the statutory elements and not to the facts of a particular case. *See, e.g., State v. Walraven*, 214 Or App 645, 653-54, 167 P3d 1003 (2007), *rev den*, 344 Or 280 (2008). However, "[w]hen a particular statute can be violated in alternative ways, we look at the combination of elements that make up the crimes of which the defendant was convicted." *State v. Nunn*, 110 Or App 96, 98, 821 P2d 431 (1991), *rev den*, 313 Or 211 (1992). The state argues, and we agree, that UUV, as charged in this case, requires proof of a "knowing" mental state, while PSV as charged requires only that defendant commit the theft "ha[ving] reason to believe that" the vehicle was stolen. Thus, UUV requires proof of an element that PSV does not have: knowledge. However, we cannot agree with the state's argument that PSV contains an element that UUV does not. That argument is that, to obtain a

conviction for UUV, the state must prove that the defendant operated or possessed a vehicle "without consent of the owner," ORS 164.135(1)(a), while a person may be convicted of PSV by possessing a "stolen" vehicle, ORS 819.300(1). According to the state, one may operate or possess a vehicle without the owner's consent in some circumstances in which the vehicle is not, in fact, stolen. "For example, a defendant could borrow a car without the owner's consent while the owner was away without committing theft of the vehicle; *i.e.*, without intending to deprive the owner of the vehicle." Thus, the state reasons, PSV requires proof of theft, while one could be convicted of UUV for mere "borrowing." The state cites no authority, and we are aware of none, for the proposition that a person who "borrows" another person's car, knowing that the other person has not consented to the "borrowing," has not stolen the car merely because the "borrower" intends to return it—and we doubt if the state would subscribe to that theory if a defendant raised it as a defense to PSV. *See State v. Bell*, 220 Or App 266, 269-70, 185 P3d 541 (2008) (equating "without consent of owner" and "stolen"). The UUV and PSV convictions should have merged here.

■　　　Finally, however, we agree with the state that neither UUV nor PSV merges with first-degree aggravated theft. UUV and PSV both require the involvement of a vehicle, which is not an element of first-degree aggravated theft, while first-degree aggravated theft requires proof that the value of the property at issue is $10,000 or more. ORS 164.057(1)(b).

　　　Reversed and remanded with instructions to merge guilty verdicts on Counts 1 and 2 into a single conviction for aggravated theft in the first degree and to merge guilty verdicts on Counts 4 and 5 into a single conviction for unauthorized use of a vehicle and for resentencing; otherwise affirmed.