STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

RYAN PATRICK JOYNT,
*Defendant-Appellant.*

Multnomah County Circuit Court
080733257; A144693

294 P3d 534

Peter Gartlan, Chief Defender, and Louis R. Miles, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Anna M. Joyce, Solicitor General, and Tiffany Keast, Assistant Attorney General, filed the brief for respondent.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Nakamoto, Judge.

PER CURIAM

## PER CURIAM

Defendant was convicted of, among other things, four counts of first-degree theft, ORS 164.055, three counts of possession of a stolen vehicle (PSV), ORS 819.300, and three counts of unlawful use of a vehicle (UUV), ORS 164.135. He raises 10 assignments of error. His first five assignments of error concern the denial of his motion for judgment of acquittal on each count. We reject those assignments without discussion. In his sixth assignment of error, defendant contends that the trial court erred when it instructed the jury that it could reach a nonunanimous verdict. We also reject that assignment without discussion. *See State v. Cobb*, 224 Or App 594, 596, 198 P3d 978 (2008), *rev den*, 346 Or 364 (2009) (rejecting argument that the trial court erred in instructing the jury that it could reach a nonunanimous verdict). We write only to briefly discuss defendant's remaining assignments of error concerning merger.

In defendant's seventh assignment of error, he contends that the trial court erred in failing to merge two counts of first-degree theft based on his theft of a truck and his theft of the parts of the truck. The state concedes that the trial court erred in failing to merge those two first-degree theft counts. The state's concession is well-taken, and we accept it. ORS 161.067(1); *State v. Noe*, 242 Or App 530, 532, 256 P3d 14 (2011) (merger of convictions required where one offense was based on the theft of a truck and another offense based on the theft of the parts of that truck, the same property in different form).

In defendant's eighth, ninth, and tenth assignments of error, he argues that the trial court erred by failing to merge the three pairs of UUV and PSV convictions. Defendant illegally towed three cars, and, for each car, the state charged defendant with PSV and UUV. Defendant argues that PSV is a lesser-included offense of UUV, and, as a result, his three convictions for PSV must merge into his three convictions for UUV. *See Noe*, 242 Or App at 532-33 (convictions for PSV and UUV must merge because PSV does not contain an that UUV does not; to establish unauthorized use of a vehicle that the defendant took, the state must prove that the defendant

took the vehicle without the owner's consent, the equivalent of the defendant having stolen it). The state acknowledges that our holding in *Noe* applies to this case, but contends that *Noe* was wrongly decided and asks that we overrule it. We decline the state's invitation and adhere to the holding in *Noe* that all the of PSV are subsumed into of UUV in a case like this one. Accordingly, defendant's convictions for PSV and UUV merge.

Reversed and remanded with instructions to merge guilty verdicts on Counts 3 and 7 into a single conviction for first-degree theft, guilty verdicts on Counts 1 and 5 into a single conviction for unauthorized use of a vehicle, guilty verdicts on Counts 8 and 11 into a single conviction for unauthorized use of a vehicle, and guilty verdicts on Counts 12 and 15 into a single conviction for unauthorized use of a vehicle; remanded for resentencing; otherwise affirmed.