Submitted November 25, 2014, affirmed March 18, 2015

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

THOMAS DAVID PUSZTAI,
*Defendant-Appellant.*

Coos County Circuit Court
13CR0529; A154672

348 P3d 241

Peter Gartlan, Chief Defender, and Kyle Krohn, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Sarah M. Villanueva, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and Flynn, Judge, and De Muniz, Senior Judge.

FLYNN, J.

## FLYNN, J.

Defendant was convicted of, among other crimes, one count of unauthorized use of a vehicle (UUV), ORS 164.135(1)(a).[1] He assigns error to the trial court's refusal to instruct the jury on the statutory defense of "honest claim of right," which is set out in ORS 164.035(1). That statute specifies, "In a prosecution for theft it is a defense that the defendant acted under an honest claim of right[.]" Defendant argues that he was entitled to the instruction because UUV is "essentially, the theft of a vehicle." The state responds that defendant did not present evidence to support giving the instruction and, in any event, that the instruction was not appropriate, because "honest claim of right" is not a defense to UUV. We conclude that a prosecution for UUV is not a "prosecution for theft" for which the defense described in ORS 164.035(1) is available. Accordingly, we affirm.

As we explained in *State v. Oneill*, 256 Or App 537, 539-40, 303 P3d 944 (2013), a defendant is entitled to an instruction on a theory of defense "if there is any evidence from which jurors could infer that the required elements of that defense are present and the proposed instruction correctly states the law." (Citations omitted.) We review a trial court's failure to give a requested instruction for legal error. *State v. Marsh*, 186 Or App 612, 614, 64 P3d 1141, *rev den*, 335 Or 655 (2003) (citing *State v. Moore*, 324 Or 396, 427, 927 P2d 1073 (1996)). We view the evidence supporting the instruction in the light most favorable to the party who requested it, *id.*, and state the facts accordingly.

At 3:15 a.m. on April 22, 2013, a Myrtle Point police officer saw defendant driving a Jeep that reportedly had been stolen from the front of a house in the nearby town of North Bend approximately 15 minutes earlier. Officers pursued defendant and, when they ultimately caught defendant and searched the Jeep, they found fishing gear that appeared to belong to defendant. At trial, one of the officers described his side of a conversation with defendant:

---

[1] The other crimes for which defendant was convicted include attempting to elude a police officer, ORS 811.540, escape in the third degree, ORS 162.145, failure to perform the duties of a driver, ORS 811.700, and criminal mischief in the second degree, ORS 164.354.

"[DEFENSE COUNSEL]: Did you ask my client how he obtained this vehicle?

"[OFFICER]: I did.

"[DEFENSE COUNSEL]: And, did he give you a response to that?

"[OFFICER]: Yes.

"[DEFENSE COUNSEL]: Did you ask him how recently he had obtained the vehicle—or, when he had obtained it?

"[OFFICER]: Hmm, yes.

"[DEFENSE COUNSEL]: And did he respond to that?

"[OFFICER]: Yes.

"[DEFENSE COUNSEL]: And did—did you ask him if it was—how—did you ask him if it was a purchase?

"[OFFICER]: Yes.

"[DEFENSE COUNSEL]: And did he respond to that?

"[OFFICER]: Yes.

"[DEFENSE COUNSEL]: And, did you find out—did you ask him how much he paid for it?

"[OFFICER]: I did.

"[DEFENSE COUNSEL]: And did he respond to that?

"[OFFICER]: Yes.

"* * * * *

"[DEFENSE COUNSEL]: And, did he tell you where—in what community he purchased it?

"[OFFICER]: That's correct.

"* * * * *

"[DEFENSE COUNSEL]: Was the community that—that—was—was it the same community as North Bend? Was it North Bend?

"[OFFICER]: No.

"[DEFENSE COUNSEL]: In fact, it was Coquille. Isn't that true? `

"[OFFICER]: That's correct."

Defendant argues that the officer's testimony permits the inference that defendant answered the questions by stating that he had purchased the Jeep in the town of Coquille. He argues that the inference from the officer's testimony plus evidence that the officers found fishing gear in the Jeep that inferentially belonged to defendant was some evidence supporting an "honest claim of right" defense and required the court to instruct the jury on the defense.

The state disputes that that constitutes evidence to prove an "honest claim of right," particularly given defendant's emphasis on inferring that defendant made statements that—if offered directly to prove defendant honestly acquired the vehicle—would constitute inadmissible hearsay. We need not decide whether defense counsel's strategy represents an effective way around the hearsay rules, because it appears that the state did not object on that basis and, in any event, because we agree with the state that the "honest claim of right" instruction does not describe a defense to a prosecution for UUV.

ORS 164.035 sets forth the "honest claim of right" defense and provides, in pertinent part:

"(1)  *In a prosecution for theft* it is a defense that the defendant acted under an honest claim of right, in that:

"(a)  The defendant was unaware that the property was that of another; or

"(b)  The defendant reasonably believed that the defendant was entitled to the property involved or had a right to acquire or dispose of it as the defendant did."

(Emphasis added.)

At trial, defendant requested Uniform Criminal Jury Instruction (UCrJI) 1826, which tells the jury:

"The defense of honest claim of right has been raised.

"The defendant is not guilty if [he/she] acted under an honest claim of right, in that the defendant:

"(1)  Was unaware that the property was that of another; or

"(2)  Reasonably believed that [he/she] was entitled to the property involved; or

"(3) Reasonably believed that [he/she] had a right to acquire the property as [he/she] did; or

"(4) Reasonably believed that [he/she] had a right to dispose of the property as [he/she] did.

"The state must prove beyond a reasonable doubt that the defendant was not acting under an honest claim of right."

(Brackets in original.)

Defendant does not dispute that ORS 164.035(1) makes the defense available "[i]n a prosecution for theft." As set out above, defendant contends he was entitled to the instruction because UUV is "essentially, the theft of a vehicle." Whether a prosecution for UUV is effectively a prosecution for "theft" presents us with a question of legislative intent. Under the methodology set out in *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009), our first step is examination of the text and context of the pertinent statutes followed by consideration of legislative history to the extent it "appears useful to the court's analysis."

As pertinent to defendant's prosecution, a person commits the crime of UUV when "[t]he person takes, operates, exercises control over, rides in or otherwise uses another's vehicle, boat, or aircraft without consent of the owner[.]" ORS 164.135(1)(a).[2] The statute requires proof that the defendant acted with a "knowing" mental state. *State v. Lasky*, 259 Or App 307, 317, 314 P3d 304 (2013) ("To obtain a conviction on a UUV charge, the state must prove that the defendant knew that he did not have the owner's consent to use the vehicle." (Citing *State v. Bell*, 220 Or App 266, 269, 185 P3d 541 (2008).)). Thus, in defendant's prosecution under ORS 164.135(1)(a), the state needed to prove that defendant knowingly used the Jeep without consent of the owner.

By contrast, to commit "theft," a person must act with "intent to deprive another of property or to appropriate

---

[2] ORS 164.135 describes two other ways in which a person can commit UUV in paragraphs (1)(b) and (c), both of which address a person who is in possession of a vehicle by agreement of the owner but uses the vehicle in a way that exceeds the scope of the owner's consent. Those paragraphs are not relevant to the facts of this case.

property to the person or to a third person[.]" ORS 164.015. Both "deprive" and "appropriate" are defined as including a degree of intended permanency not found in the elements of UUV.[3] *See State v. Christine*, 193 Or App 800, 809-10, 93 P3d 82 (2004) (explaining that, for a "theft" conviction, "the state must prove an intent to cause permanent or near-permanent deprivation or appropriation of property[,]" although emphasizing that "temporary control or use of property" can permanently impair the property rights of the owner in certain circumstances).

As we explained in *Christine*, "[a]t common law, the crime of 'larceny' (now termed 'theft') required proof that a defendant acted with the intent to deprive another 'permanently' of property." *Id.* at 807 (citation omitted). When the 1971 legislature revised Oregon's criminal code, it "consolidated the various theft-related offenses" and "crafted the definitions of 'appropriate' and 'deprive'" in a way that would "'retain the traditional distinction' between larceny, which requires a thief to intend permanent or virtually permanent loss to the owner of the possession and use of property, and offenses that require the intent to obtain only temporary possession of property or to cause temporary loss to its owner." *Id.* at 809 (quoting Commentary to Criminal Law Revision Commission Proposed Oregon Criminal Code, Final Draft and Report § 121, 130 (July 1971) (Commentary)).

One of those offenses that traditionally did not require an intent to cause permanent loss to the owner was the crime of "joy-riding," *former* ORS 164.670,[4] which became

---

[3] ORS 164.005(1) defines "[a]ppropriate property of another" to mean "[e]xercis[ing] control over property of another, or * * * aid[ing] a third person to exercise control over property of another, permanently or for so extended a period or under such circumstances as to acquire the major portion of the economic value or benefit of such property[,]" ORS 164.005(1)(a), or "[d]ispos[ing] of the property of another for the benefit of oneself or a third person[,]" ORS 164.005(1)(b).

ORS 164.005(2) defines "[d]eprive another of property" to mean "[w]ithhold[ing] property of another or caus[ing] property of another to be withheld from that person permanently or for so extended a period or under such circumstances that the major portion of its economic value or benefit is lost to that person[,]" ORS 164.005(2)(a), or "[d]ispos[ing] of the property in such manner or under such circumstances as to render it unlikely that an owner will recover such property[,]" ORS 164.005(2)(b).

[4] *Former* ORS 164.670(1) (1965), *repealed by* Oregon Laws 1971, chapter 743, section 432, provided, in pertinent part:

UUV. Commentary § 134 at 142 (UUV statute "covers the 'joy-riding' type of offense where the actor makes unauthorized use of another's vehicle *but without the intent to steal it or permanently deprive the owner of its use*" (emphasis added)); *see also State v. Eyle*, 236 Or 199, 201, 388 P2d 110 (1963) (concluding that "joy-riding," as set forth in *former* ORS 164.670, involves all of the elements of larceny "except the intent to steal"). Thus, a prosecution for the crime of UUV is not "essentially" a prosecution for theft because the text and context of the statutes, as well as the legislative history, demonstrate that the crime of "theft" requires an element of intended result that is not an element of the crime of UUV.

Moreover, that distinction explains why the legislature did not make the defense of "honest claim of right" applicable to nonintent crimes like UUV. The defense set out in ORS 164.035(1) is a codification of the common law "honest claim of right" defense. *State v. Ramsey*, 184 Or App 468, 472, 56 P3d 484 (2002); *see also* Commentary § 132 at 140 (explaining that ORS 164.035(1) is "a restatement of common law principles, in language broad enough to cover all conduct designated as 'theft'"). Both the Commentary and our discussion in *Ramsey* describe the role of the defense as to negate the element of intent that is required for a conviction for larceny (theft). In *Ramsey*, we emphasized that, if a person uses self-help to recover specific personal property to which he has an honest claim of right, "the intent to commit theft does not exist." 184 Or App at 472-73 (citing *State v. Martin*, 15 Or App 498, 516 P2d 753 (1973)). We also relied in *Ramsey* on *State v. Luckey*, 150 Or 566, 571, 46 P2d 1042 (1935), in which the Oregon Supreme Court recited, "It needs no citation of authority to sustain the principle that a man can not be guilty of stealing his own goods if he is also entitled to the possession at the time of the taking." *See also State v. Kelley*, 29 Or App 321, 329, 563 P2d 749 (1977) (where a person takes property with the intent to return it, there is "no intent to permanently deprive"); *Commentary*

---

"Every person who takes or uses without authority any vehicle * * * without intent to steal it, or is a party to such unauthorized taking or using, shall be punished upon conviction by imprisonment in the penitentiary for not more than two years, or by a fine of not more than $500."

§ 132 at 140 (observing that the defense is not strictly necessary as intent is already an element that the state must prove beyond a reasonable doubt; however, "such a provision in the draft * * * seems preferable to make the Code as comprehensive as possible by spelling it out").

Defendant argues, however, that our decision in *State v. Noe*, 242 Or App 530, 532-33, 256 P3d 166 (2011), requires us to hold that UUV is "essentially, the theft of a vehicle." In *Noe*, the defendant was convicted on charges of aggravated theft, UUV, and possession of a stolen vehicle (PSV), all arising out of the same criminal conduct. His argument, that the trial court should have merged the conviction for PSV, ORS 819.300, with the conviction for UUV, ORS 164.135(1)(a), required us to determine if the crime of PSV includes an element distinct from the elements of the crime of UUV. The state urged us to view the PSV requirement that the vehicle has been "stolen" as distinct from any element of UUV, for which it is enough that the defendant "borrows" the car without consent, regardless of whether he intends to return it. *Noe*, 242 Or at 533. In rejecting the state's argument, we held:

> "The state cites no authority, and we are aware of none, for the proposition that a person who 'borrows' another person's car, knowing that the other person has not consented to the 'borrowing,' has not stolen the car merely because the 'borrower' intends to return it * * *."

*Id.* While our discussion above suggests that there may be reason to question *Noe*'s view of "stolen" as requiring no intent to permanently deprive the owner, the quoted text clearly accepts the proposition that the crime of UUV requires no intent to permanently deprive the owner of the vehicle. Ultimately, *Noe*'s discussion of the elements of PSV, ORS 819.300, does not inform our analysis of whether the legislature intended the phrase "a prosecution for theft" in ORS 164.035(1) to include the crime of UUV, ORS 164.135(1)(a), because *Noe* did not purport to address that issue.

The trial court did not prevent defendant from arguing that the inference that he purchased the vehicle defeated the element that he "knowingly" lacked the owner's consent to use the vehicle. Indeed he made precisely that

argument to the jury.[5] However, defendant was not entitled to a jury instruction on the "honest claim of right" defense, ORS 164.035(1), because that defense is inapposite when a prosecution is for UUV, which does not require proof of "theft."[6]

Affirmed.

---

[5] During closing argument, defense counsel emphasized:

"We have here evidence which infers—from which you may infer my client bought the vehicle in Coquille. There is no evidence he knew it was stolen.

"* * * * *

"* * * He has to be aware. The State has to prove that [defendant] is aware that he doesn't have permission of the owner when driving that vehicle."

[6] We have held that the instruction is appropriate when the defendant is charged with a crime that is not theft but requires proof of theft. *Ramsey*, 184 Or App at 472. UUV, however, is neither theft nor does it require proof of theft.