PER CURIAM
*714 Defendant was convicted of one count of third-degree assault, ORS 163.165, and one count of fourth-degree assault, ORS 163.160, for punching the victim. On appeal, defendant argues that the evidence was legally insufficient to show that he (as opposed to his codefendant) caused the victim's injuries and that the trial court plainly erred by not acquitting him sua sponte on each of those counts. We reject those claims of error without discussion.
Defendant also argues that the trial court plainly erred by entering two separate convictions, because the count of fourth-degree assault was charged as a lesser-included offense of the third-degree assault count. See State v. Noe , 242 Or. App. 530, 532, 256 P.3d 166 (2011) (holding that "convictions for conduct in a criminal episode that violates two or more statutory provisions merge if all of the elements in one provision are subsumed into the elements of the other provision"). The state concedes that the trial court should have entered a single conviction for third-degree assault and that the case must be remanded to correct that error. We agree, accept the concession, and, for the reasons expressed in State v. Camacho-Alvarez , 225 Or. App. 215, 217, 200 P.3d 613 (2009), exercise our discretion to correct the error.
Convictions for third-degree assault and fourth-degree assault reversed and remanded for entry of a single conviction for third-degree assault; remanded for resentencing; otherwise affirmed.