Argued and submitted December 15, 2020, affirmed November 3, 2021, petition for review denied March 24, 2022 (369 Or 505)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOE VERNON McCALL,
*Defendant-Appellant.*

Multnomah County Circuit Court
18CR31037, 17CR15569;
A170431 (Control), A170424

501 P3d 1086

Defendant appeals from a judgment of conviction for the unauthorized use of a vehicle, ORS 164.135, and possession of a stolen vehicle (PSV), ORS 819.300. Defendant also challenges the revocation of his probation as a result of his conviction. Defendant assigns error to the trial court's denial of his motion to suppress evidence obtained as a result of his warrantless arrest. An officer arrested defendant after running the license plate of a vehicle, discovering it was stolen, and observing defendant working on the interior of the driver's side door of that vehicle with a pair of pliers. After the arrest, the officers found further evidence indicating the car was stolen, including a key stuck in the door lock. The trial court rejected defendant's argument that working on the car door with pliers coupled with the officers' knowledge that the car was stolen was insufficient for probable cause to arrest. *Held*: The trial court did not err in denying the motion to suppress because there was probable cause to arrest the defendant for PSV. It was objectively reasonable for the officers to believe defendant was in possession of a car that he had reason to believe was stolen.

Affirmed.

Benjamin N. Souede, Judge.

Stacy M. Du Clos, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Philip Thoennes, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before DeVore, Presiding Judge, and DeHoog, Judge, and Mooney, Judge.

MOONEY, J.

Affirmed.

**MOONEY, J.**

In this consolidated criminal appeal, defendant challenges convictions for the unauthorized use of a vehicle (UUV), ORS 164.135 (2007), *amended by* Or Laws 2019, ch 530, § 1,[1] and possession of a stolen vehicle (PSV), ORS 819.300, as well as the resulting revocation of his probation in another case. Because we conclude that the arresting officer's subjective belief that he had probable cause to arrest defendant for PSV was objectively reasonable, we conclude that the trial court did not err in denying defendant's motion to suppress the statements and evidence obtained as a result of that arrest. We also conclude that the trial court did not err in denying defendant's motions for judgment of acquittal without further discussion.

We review a trial court's denial of a motion to suppress for legal error. *State v. Maciel-Figueroa*, 361 Or 163, 165, 389 P3d 1121 (2017). We are bound by the court's findings of fact that are supported by the record; if the court did not make an express finding, we will assume "the court decided the facts in a manner consistent with its ultimate conclusion." *State v. Williams*, 297 Or App 384, 385, 441 P3d 242 (2019). We recite the relevant facts in accordance with that standard.

On May 18, 2018, Officers Hughes and Stevens were on duty with the Transit Police unit and traveling on a "highly trafficked street." They passed an apartment complex parking lot and saw defendant standing next to the open driver side door of a vehicle. Hughes ran the plates and determined that the vehicle was stolen. The officers pulled into the parking lot, observed that the defendant was using a pair of pliers to work on the interior driver's side door handle, and arrested him. After the arrest, the officers observed that there was a key stuck in the car door lock and that there was other evidence indicating that the car had been stolen.

Defendant was charged with one count of UUV and one count of PSV.[2] Defendant moved to suppress evidence

_____

[1] All references in this opinion to ORS 164.135 are to the 2007 version of that statute.

[2] Defendant was also charged in the same instrument with UUV and PSV arising out of an incident that occurred a month earlier. The court granted a

obtained from his warrantless arrest, arguing that the officers lacked probable cause in violation of both Article I, section 9, of the Oregon Constitution and the Fourth Amendment to the United States Constitution. The trial court concluded that the officers had probable cause to arrest defendant and denied the motion to suppress. The court explained:

> "But I believe with respect to the May incident, the arresting officers at the time they took [defendant] into custody knew that the Mazda had been stolen; they knew it was sitting in a parking lot on a well-traveled street or next to a well-traveled street near a well-traveled street.

> "They knew the Mazda had been stolen, and they knew [defendant] was inside the wingspan of the driver's side door working on the interior of the door; and I think they even knew he was working at or near the interior portion of the handle with a pair of pliers.

> "Even accepting the defense position that there must be something in addition to the defendant exercising dominion or control over a stolen vehicle, I do think that to the extent something else, in quotes, is required, I think \* \* \* working on the inside of a door relating to a portion of the car that relates to getting in and out of that car with a tool [is] a sufficient additional element.

> "Well, I'll try that again. It falls inside of the lines the Court of Appeals ha[s] drawn for what can constitute probable cause. In this case, I think the arresting officer certainly has objective probable cause and I believe that that probable cause existed objectively in light of all of those factors."

Defendant waived jury and was found guilty of UUV and PSV at the conclusion of the bench trial. This appeal followed.

Article I, section 9, provides that

> "[n]o law shall violate the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable search, or seizure; and no warrant shall issue but upon probable cause, supported by oath, or affirmation,

---

motion to suppress with regard to the earlier incident and then granted a motion to dismiss those unrelated charges. Those dismissed charges are not part of this appeal.

and particularly describing the place to be searched, and the person or thing to be seized."

A warrantless arrest is permitted when the arresting officer has "probable cause to believe that the person has committed" a crime. ORS 133.310(1); *State v. Owens*, 302 Or 196, 211, 729 P2d 524 (1986). "Probable cause" to arrest is defined as a "substantial objective basis for believing that more likely than not an offense has been committed and a person to be arrested has committed it." ORS 131.005(11). Probable cause to arrest exists under Article I, section 9, when the arresting officer subjectively believes that the person to be arrested committed a crime and that subjective belief is objectively reasonable. *State v. Hudson*, 253 Or App 327, 343, 290 P3d 868 (2012). We determine objective reasonableness by examining the totality of the circumstances to discern whether the officer had a basis to believe that, "more likely than not," an offense had been committed by the person to be arrested. *Id.*

Defendant was arrested for UUV and PSV. A person commits the crime of UUV when he "knowingly takes, operates, exercises control over or otherwise uses another's vehicle, boat or aircraft." ORS 164.135(1)(a). A person commits the crime of PSV when he "possesses any vehicle which the person knows or has reason to believe has been stolen." ORS 819.300(1). The parties agree that the arresting officer subjectively believed that defendant had committed the crimes of UUV and PSV. The state does not dispute that the officer must have had an objective basis to believe that defendant engaged in the proscribed conduct, with the requisite mental state, for at least one of those crimes in order to have had constitutionally sufficient probable cause to arrest him without a warrant. *See State v. Gibson*, 268 Or App 428, 433, 342 P3d 168 (2015); *State v. Ayvazov*, 246 Or App 641, 267 P3d 196, *rev den*, 351 Or 675 (2012); *State v. Rayburn*, 246 Or App 486, 266 P3d 156 (2011), *rev den*, 351 Or 675 (2012).

For UUV, the officers must have had an objective basis to believe that defendant exercised control over or otherwise used the vehicle knowing that the vehicle was stolen. ORS 164.135(1). For PSV, the officers must have had an

objective basis to believe that defendant was in possession of the vehicle when defendant had "reason to believe" that the vehicle was stolen. ORS 819.300; *State v. Noe*, 242 Or App 530, 532, 256 P3d 166 (2011). Our assessment of probable cause necessarily takes into account that the type of conduct—exercising control over or using for UUV versus being in possession for PSV—and the level of criminal intent—knowingly for UUV versus reason to believe for PSV—are less specific for PSV than for UUV with a corresponding differential in the evidentiary requirements of each.

A review of our cases illustrates the important role that the unique facts of each case plays in discerning the objective reasonableness of an officer's subjective belief that he or she has probable cause to make a warrantless arrest. Three cases are particularly instructive here. In *Rayburn*, the officers had received a report that a car was being driven recklessly with objects being thrown from it. 246 Or App at 488. They located the vehicle on a long driveway and, when the vehicle began approaching the officers head-on, they ordered the occupants to stop and demanded that the driver shut off the engine and remove the key from the ignition. *Id.* The defendant, the driver, was unable to remove the key from the ignition, which, in the officer's experience and training, indicated that the car was likely stolen. *Id.* at 491. We concluded that the officer's subjective belief that the driver was committing UUV was corroborated by his observation that the defendant could not remove the key aided by the officer's understanding through experience and training that the inability to remove the key meant that it likely was stolen. *Id.* That was enough to establish probable cause to arrest. *Id.*

We also concluded that there was probable cause to arrest for UUV in *Gibson*, where the officers knew that the vehicle was reported stolen and they observed that the defendant was unable to locate the vehicle registration or insurance information when they asked him to do so. 268 Or App at 433. We concluded that "defendant's inability to locate the car's registration and insurance information is a factor on which the police could reasonably rely in concluding that, more likely than not, defendant knew the vehicle was stolen." *Id.*

We likewise concluded that there was probable cause to arrest for UUV in *Ayvazov*, where the facts known to the arresting officer at the point he encountered the defendant were that "a green Honda with the license plate of the car defendant was in had been stolen and that it had very recently been seen near the site of the arrest. They also knew that, when it was seen, it was being *driven by a man* who appeared to be attempting to run down a woman." 246 Or App at 647 (emphasis in original). Although the defendant was sitting in the passenger seat when the officer encountered the car, we concluded that those facts were sufficient to establish the objective reasonableness of the officer's subjective belief that the defendant had recently been driving that stolen vehicle. *Id*.

Here, the arresting officers knew (1) that the vehicle had been stolen, (2) that defendant was standing within the open driver's side door, and (3) that defendant was working on the inside door handle with a pair of pliers. That was enough. This is not a case of "mere proximity," which would not alone support probable cause to arrest. *State v. Hebrard*, 244 Or App 593, 600, 260 P3d 759 (2011). As the trial court aptly described it, defendant was standing within the "wingspan" of the driver's side door and he was working on the door handle with a pair of pliers. We understand the court's use of the term "wingspan"[3] to refer to the distance by which the open driver's side door extended the interior reach of the car and, as a practical matter, the reach of the driver or other person positioned within that extended area.

This case is similar to *Ayvazov*, where, as noted above, the officers knew that the vehicle was stolen, that it had recently been seen being driven by a man chasing down a woman, and that the defendant was in the front passenger seat when the officers encountered him. *Ayvazov*, 246 Or App at 647. Here, the officers encountered defendant standing within the driver's side wingspan of a vehicle that they knew had been stolen, and they saw him working on the door handle with a pair of pliers. Given that one could reasonably view defendant's work on the door as facilitating

---

[3] "[T]he distance from the tip of one of a pair of wings to that of the other." *Merriam-Webster's Collegiate Dictionary* 1435 (11th ed 2003).

access without a key—as might be necessary for a stolen vehicle—it was objectively reasonable for the officers to form a belief that defendant "at least had reason to believe" that the car was stolen. *State ex rel Juv. Dept. v. Hal*, 168 Or App 76, 79, 7 P3d 535 (2000) (citing ORS 819.300(1)). Based on the circumstances known to the officers at the time of the arrest, we conclude that it was reasonable for the officers to infer that defendant was in possession of a car that he would have had reason to believe was stolen. At a minimum, the officers had probable cause to arrest for PSV and that is all they needed to make the arrest.

In addition to his argument under Article I, section 9, defendant argues that exclusion of the challenged evidence is also required under the Fourth Amendment. We note that he made little more than passing reference to that argument before the trial court and that his development of it on appeal lacks the type of "thorough and focused constitutional analysis" necessary for us to address it. *State v. Thompson*, 328 Or 248, 254 n 3, 971 P2d 879, *cert den*, 527 US 1042 (1999) (explaining that court would not address constitutional claims in the absence of "thorough and focused constitutional analysis"). We, thus, decline to do so.

Affirmed.