No. 693 December 28, 2023 817

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

EVAN ALVERO BASSETT,
*Defendant-Appellant.*

Tillamook County Circuit Court
20CR16184; A177479

Jonathan R. Hill, Judge.

Submitted November 13, 2023.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Sarah De La Cruz, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jonathan N. Schildt, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, and Joyce, Judge, and Hadlock, Judge pro tempore.

JOYCE, J.

Affirmed.

**JOYCE, J.**

Defendant appeals from a judgment of conviction for aggravated theft in the first degree, ORS 164.057, and unauthorized use of a vehicle (UUV), ORS 164.135. Defendant raises two assignments of error, arguing first that the trial court erred when it allowed a state witness to testify via video, and second that it erred when it failed to merge defendant's guilty verdicts for aggravated theft and UUV. We affirm.

*Admission of video testimony.* Defendant first contends that the trial court erred in allowing a state's witness, Williams, to testify via video. We ultimately conclude that defendant failed to preserve this claim of error.

On the first day of trial, the state told the court that Williams had come into contact with someone who had COVID, and that Williams had developed symptoms of COVID within the past "8 or 9 days." The trial court concluded—and both counsel agreed—that until Williams tested negative, he would not be able to testify in person. On the third day of trial, the state confirmed that Williams had tested positive for COVID. The state thus proposed that Williams testify by video.

Defendant objected, arguing that

> "the disconnect between the witness and the questioners and the jurors who have to evaluate that witness, it's—there's a huge disconnect there and so I do object to a witness testifying by video, Your Honor. I think that the witnesses should be required to be here *** [to] testify."

The state responded that video testimony would afford most of the same features as in-person testimony. The court offered other options for moving forward, including beginning the trial and extending the jury's service until Williams could testify in person. Defendant re-stated his objection to the video testimony, stating "Confrontation [C]lause[,] Your Honor, is my primary concern." The trial court reserved ruling to allow the parties to research the issue of video appearance by a witness.

On the fourth day of trial, the state confirmed that Williams was still testing positive for COVID. Defendant continued to object to video testimony. He cited ORS 136.420, which provides that testimony is to be given "orally in the presence of the court and jury" in criminal matters. Defendant also argued that video testimony was a "constitutional violation," without further specification.

The state countered that Chief Justice Order (CJO) No. 21-025 (June 28, 2021) allowed the presiding judge to decide whether to allow video appearances, superseding any statute or rule.[1] The state then contended that the only possible argument against video testimony would be defendant's constitutional rights to confrontation under the Sixth Amendment to the United States Constitution and Article I, Section 11, of the Oregon Constitution. But the state explained that the video testimony could achieve the purposes of confrontation, including allowing for cross-examination and for the jury to be able to evaluate a witness's demeanor. In response, defendant again cited ORS 136.420 and stated, without elaboration, that video testimony would be a "[C]onfrontation [C]lause violation." The court overruled defendant's objection, reasoning that, although audio testimony would not be permissible under the "[United States] or Oregon constitutions," video testimony would be permissible because it would allow the jury to observe the witness's demeanor and counsel to examine the witness.

On appeal, defendant argues that the trial court's ruling allowing video testimony violated his state and federal rights to confrontation. Unlike his argument below that video testimony is *de facto* unconstitutional, he now contends that video testimony *may* be constitutional, but only where the trial court (1) identifies a case-specific reason that testifying by video is necessary to further an important public policy and (2) the reliability of the testimony is assured.

That claim is very different from the one that defendant raised below. To be sure, both his argument below and his argument on appeal broadly invoke the Confrontation

---

[1] At the time of trial, the state was under emergency COVID-19 orders, including CJO No. 21-025, which stated that remote appearances were permitted unless the constitution required in-person appearance.

Clause.[2] But, the argument that defendant now raises on appeal is far more particularized; he urges us to adopt a rule that video testimony may be allowed only in the event that the trial court makes particular findings. Because defendant did not alert the trial court that there were case-specific findings that needed to be made, the trial court did not have a meaningful opportunity to make those particular findings, and potentially correct the error that defendant now claims on appeal. *See Dept. of Human Services v. T. M. G.*, 307 Or App 117, 123-24, 475 P3d 936 (2020), *rev dismissed*, 368 Or 206 (2021) (holding that mother's general objection at the hearing did not alert the trial court to her request on appeal for the court to evaluate whether evidence was sufficient to overcome mother's presumption of being a fit parent); *State v. Walker*, 350 Or 540, 552, 258 P3d 1228 (2011) (explaining that, to preserve an argument, a party must give "opponents and the trial court enough information to be able to understand the contention and to fairly respond to it"). Because defendant did not preserve the argument that he makes on appeal, we do not address it.

*Failure to merge defendant's guilty verdicts for aggravated theft and UUV.* In his second claim of error, defendant argues that the trial court erred when it declined to merge defendant's UUV and aggravated first-degree theft guilty verdicts. Defendant's claim of error is controlled by *State v. Noe*, 242 Or App 530, 533, 256 P3d 166 (2011), in which we concluded that those offenses do not merge because each requires proof of an element that the other does not. We are unpersuaded by defendant's arguments that *Noe* was wrongly decided and should be overruled, and we therefore decline to do so.

Affirmed.

---

[2] As the state observes, defendant did not specify during trial whether he was making a Confrontation Clause objection under the state or federal constitution or both. On appeal, he asks us to adopt a test from federal Confrontation Clause cases and apply that rule under both the state and federal constitutions.