556 October 23, 2024 No. 743

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

BOBBY JOE RICHARD FITCH,
*Defendant-Appellant.*

Yamhill County Circuit Court
21CR21762; A177906

Ladd J. Wiles, Judge.

Submitted November 20, 2023.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Kali Montague, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Patrick M. Ebbett, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

ORTEGA, P. J.

Affirmed.

## ORTEGA, P. J.

Defendant appeals his conviction for unlawful use of a vehicle (UUV), ORS 164.135. He assigns error to the trial court's denial of his motion for judgment of acquittal, arguing that the state adduced insufficient evidence to demonstrate that defendant possessed the required mental state under ORS 164.135. We conclude that the state offered sufficient evidence to support the determination necessary for defendant's conviction: that he acted recklessly because he was aware of and consciously disregarded a substantial and unjustifiable risk that the vehicle was stolen. Accordingly, we affirm.

After defendant was involved in a single-car accident, an officer responded and determined that the car had been reported stolen several weeks earlier. In response to the officer's questions about the car's status, defendant stated that he had bought the car from "some Mexican dude" after approaching the man in an apartment's parking lot. On investigation, however, the car's owner claimed that he did not know defendant, that he had never been approached by anyone about selling the car, and that he had not consented to anyone using it. Defendant could not produce the car's title or the bill of sale, but he claimed to have paperwork in the car to replace a lost title. The car's owner later found mail and various registrations in the car with different names on them.

A person commits the crime of UUV when "[t]he person knowingly takes, operates, exercises control over or otherwise uses another's vehicle, *** is aware of and consciously disregards a substantial and unjustifiable risk that the owner of the vehicle *** does not consent to the taking, operation or other use of, or the exercise of control over, the vehicle," and the owner of the vehicle did not consent to such use. ORS 164.135(2)(a)(A) - (C). Because the statute did not assign a culpable mental state for UUV prior to a 2019 amendment, we previously determined that the state was required to prove the culpable mental state specified in the indictment. *See, e.g.*, *State v. Bell*, 220 Or App 266, 269, 185 P3d 541 (2008) (determining that the state was required to prove that the person actually knew the car was stolen

because the indictment alleged a knowing mental state). Moreover, the Oregon Supreme Court later construed the UUV statute under the default mental state provisions (ORS 161.085-161.115) to require a knowing mental state as to the use of the vehicle without the owner's consent, regardless of what is pled in the charging instrument. *State v. Simonov*, 358 Or 531, 546, 368 P3d 11 (2016).

In 2019, the legislature amended ORS 164.135 to specify that someone is guilty of UUV when that person is "aware of and consciously disregards a substantial and unjustifiable risk" that the owner did not consent to the person's use of the vehicle, ORS 164.135(1)(a)(B), establishing recklessness as the culpable mental state for the offense. ORS 161.085(9). Despite that amendment, we understand defendant to argue that *Simonov* still applies despite the legislative change to the statute. We are not persuaded. Given the clear language of the statute specifying reckless-ness as the culpable mental state, defendant's assertion that the legislature did not intend to change the requisite mental state fails.

Defendant also argues that the state provided insufficient evidence to prove that he acted with a reckless mental state with respect to whether the car was stolen. He claims that the lack of proof of ownership and an implausi-ble story about the purchase of the car were not enough to establish that he was aware of and disregarded a substan-tial and unjustifiable risk that the owner did not consent to his use of it.

To prove the mental state of recklessness, the state must show that the risk was "of such nature and degree that disregard thereof constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation." ORS 161.085(9). Viewing the facts in the light most favorable to the state and accepting reasonable infer-ences, *State v. Lupoli*, 348 Or 346, 366, 234 P3d 117 (2010), we agree with the state that the evidence was sufficient for a reasonable jury to conclude that defendant acted recklessly. Defendant's dubious story about the purchase, the lack of a bill of sale or title for the car, and possession of other docu-ments resembling various registrations in names that were

not defendant's name were sufficient evidence that he disregarded the risk that the owner did not consent, which was a gross deviation from the standard of care that a reasonable person would observe in a similar situation.

Accordingly, we agree that, given the evidence at trial, a rational trier of fact could conclude that defendant committed the crime of UUV under ORS 164.135(1).

Affirmed.