No. 827          November 20, 2024          251

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MARIO ALBERTO HUERTA-CONTRERAS,
*Defendant-Appellant.*

Marion County Circuit Court
20CR57919; A177934

J. Channing Bennett, Judge.

Submitted November 20, 2023.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Bruce A. Myers, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Patrick M. Ebbett, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

ORTEGA, P. J.

Reversed and remanded.

**ORTEGA, P. J.**

Defendant appeals his conviction for unauthorized use of a vehicle (UUV), ORS 164.135, assigning error to the trial court's denial of his motion to suppress evidence and the imposition of two special probation conditions. Because we agree with defendant that the officer lacked probable cause to arrest him, we conclude that the trial court erred in denying his motion to suppress and do not reach his remaining assignments of error. Accordingly, we reverse and remand for further proceedings.

We review a trial court's denial of a motion to suppress for legal error. *State v. McCall*, 315 Or App 538, 540, 501 P3d 1086 (2021), *rev den*, 369 Or 505 (2022). When determining whether there was objective probable cause to arrest someone, we consider the facts known by the officer at the time of the arrest. *State v. Gibson*, 268 Or App 428, 430, 342 P3d 168 (2015). Here, the officer saw a Honda parked on the side of a road late at night in a "high-crime area" with defendant sitting in the driver's seat. The officer ran the plates and found that the car had been reported stolen earlier that day. The officer then called for backup, and when it arrived, he and another officer drew their weapons, commanded defendant to exit the car, and arrested him.

A warrantless arrest is permissible when "the arresting officer has probable cause to believe that the person has committed a crime." *Id.* An officer has probable cause when (1) the officer subjectively believes that a crime was committed, and (2) the officer's belief is objectively reasonable under the circumstances. *State v. Rayburn*, 246 Or App 486, 490, 266 P3d 156 (2011), *rev den*, 351 Or 675 (2012). We determine whether the officer's belief was objectively reasonable by considering the totality of the circumstances. *Id.* The arresting officer must have had reason to believe that, "more likely than not," the person the officer arrested committed a crime. *McCall*, 315 Or App at 542.

To commit the crime of UUV, a person must knowingly take, operate, exercise control over or otherwise use another's vehicle, and be aware of and consciously disregard a substantial and unjustifiable risk that they do not have

the consent of the owner to do so. ORS 164.135(1)(a)(A) - (C). The statute was amended in 2019 to add a reckless culpable mental state as to the owner's consent to use the vehicle. ORS 164.135(1)(a)(B); *see State v. Fitch*, 335 Or App 556, 558, ___ P3d ___ (2024). As such, we have up to now only ever considered whether facts established probable cause for UUV with a knowing culpable mental state. *See, e.g.*, *State v. Ayvazov*, 246 Or App 641, 647, 267 P3d 196 (2011), *rev den*, 351 Or 675 (2012) (concluding that the facts that the vehicle that was reported stolen, and was seen "being driven by a man who appeared to be attempting to run down a woman" were sufficient for probable cause); *Gibson*, 268 Or App at 432 (holding that the additional fact that the driver of the stolen vehicle could not produce the vehicle's registration or insurance information established probable cause); *McCall*, 315 Or App at 544 (holding that the officer had probable cause to arrest a person standing by the driver's side door of a vehicle that was reported stolen and "working on the inside door handle with a pair of pliers").

To establish probable cause, "the state needs to prove only that, more likely than not, defendant had the requisite mental state." *Rayburn*, 246 Or App at 492 (citing ORS 131.005(11)). As is true when showing probable cause for any mental state, there must be some evidence from which the officer could reasonably believe that the defendant more likely than not possessed the culpable mental state. Thus, for UUV, the state must offer some fact or conduct known to the officer that would establish that the defendant was aware of and consciously disregarded a substantial and unjustifiable risk that he did not have the owner's consent to use the vehicle.

The state first argues that the fact that defendant was sitting in the driver's seat of a car that had been reported stolen is sufficient to establish the requisite mental state for UUV. We disagree. The state's proposed inference that a person sitting in the driver's seat of a stolen car more likely than not is aware of and consciously disregarded the risk that it was stolen is not objectively reasonable without more. While it is unclear from the record precisely how much time had elapsed between the car going missing, the initial

report, and the arrest, at least several hours had passed. There may be circumstances where the brief time between a vehicle being stolen and a person being seen driving the vehicle could contribute to finding probable cause, but in the circumstances here—several hours having passed— defendant's presence in the driver's seat does not contribute much, if anything, toward probable cause.

Alternatively, the state argues that the additional fact that defendant was in a "high-crime area" late at night where stolen vehicles are regularly recovered indicates that it is more likely than not that he was aware of a substantial and unjustifiable risk that the car was stolen. We are not persuaded. First, nothing in the record suggests that defendant was aware that he was in a high-crime area. Second, we have repeatedly held that a person's presence in an area of high drug activity and association with other users and dealers does not amount to reasonable suspicion without other conduct to suggest culpability. *See, e.g.*, *State v. Bertsch*, 251 Or App 128, 134, 284 P3d 502 (2012); *see also State v. Barber*, 279 Or App 84, 94, 379 P3d 651 (2016) (distinguishing *Bertsch* because the officers witnessed the suspected person engaging in possible drug activity and hiding something under the passenger seat of their vehicle). If a person's presence in a high-crime area does not alone support reasonable suspicion that the person committed a crime, that fact does little to establish probable cause that the person committed a crime.

The officer witnessed no suspicious conduct beyond defendant sitting late at night in the driver's seat of a car that had been reported stolen earlier that day. The type of inference the officer needed to make to conclude that defendant possessed the requisite mental state amounted to a mere hunch, which does not, without more, establish probable cause. *Compare, e.g.*, *Gibson*, 268 Or App at 433 (concluding that the driver's inability to produce registration or insurance for the vehicle was the additional conduct on which "the police could reasonably rely" to establish probable cause). We therefore conclude that it was not objectively reasonable under the totality of the circumstances for the officer to believe that, more likely than not, defendant

had committed the crime of UUV and that the officer did not have probable cause to arrest defendant when he did.[1] Accordingly, the trial court erred in denying defendant's motion to suppress.

Reversed and remanded.

---

[1] We offer no opinion whether the circumstances here were sufficient to establish reasonable suspicion of UUV.