138 February 20, 2025 No. 127

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MATTHEW PAUL MORAN,
*Defendant-Appellant.*

Multnomah County Circuit Court
19CR64056; A180644

Adrian L. Brown, Judge.

Argued and submitted January 9, 2025.

Francis C. Gieringer, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Oregon Public Defense Commission.

Emily N. Snook, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Aoyagi, Presiding Judge, Egan, Judge, and Joyce, Judge.

EGAN, J.

Affirmed.

**EGAN, J.**

Defendant appeals his conviction for driving under the influence of intoxicants (DUII).[1] ORS 813.010. He assigns error to the trial court's denial of his motion to suppress evidence, arguing that he was arrested without probable cause. In reviewing the trial court's denial of defendant's motion to suppress for legal error and being bound by its findings if there is constitutionally sufficient evidence to support them, *State v. DeJong*, 368 Or 640, 643, 497 P3d 170 (2021), we conclude that the trial court did not err in denying defendant's motion to suppress, because defendant's arrest was supported by probable cause. Accordingly, we affirm.

An officer may arrest a person without a warrant if the officer "has probable cause to believe that the person has committed a crime." *State v. Huerta-Contreras*, 336 Or App 251, 252, 560 P3d 728 (2024) (citation and internal quotation marks omitted). To have probable cause, an officer must subjectively believe that a crime has been committed by the person to be arrested, and the officer's belief must be objectively reasonable. *Id.* "In determining whether probable cause exists, we consider the totality of the circumstances presented to the officer and reasonable inferences that may be drawn from those circumstances; no single factor is dispositive." *State v. Kappel*, 190 Or App 400, 404, 79 P3d 368 (2003), *rev den*, 336 Or 509 (2004). "The facts that determine whether there is objective probable cause are the facts known by the arresting officer at the time of the arrest." *State v. Gibson*, 268 Or App 428, 430, 342 P3d 168 (2015) (citation and internal quotation marks omitted).

In this case, the trial court did not err when it concluded that the officer had probable cause to arrest defendant for DUII, based on the following facts, which we state consistently with our standard of review: After receiving a "medical assist call," Officer Ensley and medical responders found defendant slumped over in the driver's seat of his car and parked halfway on a public sidewalk and halfway in a parking lot. Defendant was initially nonresponsive to Ensley and EMTs. But after he became responsive, an

---

[1] Defendant entered a conditional guilty plea after the trial court denied his motion to suppress.

EMT told Ensley and another officer that defendant could be under the influence. Ensley asked defendant to get out of his car, but defendant ignored Ensley and started moving his car until Ensley activated her overhead lights. For safety reasons—to prevent defendant from driving away in his current state—the officers blocked defendant's car with their police vehicles. Although defendant stopped his vehicle, when officers again attempted to contact him, defendant reached for his gear shift. At that point, officers removed defendant from his vehicle, and Ensley observed that defendant smelled like alcohol and had bloodshot eyes. Ensley believed she had "developed probable cause" for DUII and arrested defendant.

Based on those facts, the court correctly ruled that Ensley's subjective belief that it was more likely than not that defendant had committed DUII was objectively reasonable based on her observations at the scene. *See State v. Stroup*, 147 Or App 118, 122, 935 P2d 438 (1997) ("A person is under the influence of intoxicating liquor or a controlled substance when the person's physical or mental facilities are adversely affected [by an intoxicant] to a noticeable or perceptible degree."); *State v. Forrest*, 174 Or App 129, 136, 25 P3d 392 (2001) (describing facts giving rise to probable cause of DUII, including erratic driving, a strong odor of alcohol coming from the defendant's car, and watery eyes); *State v. Gilmour*, 136 Or App 294, 300, 901 P2d 894, *rev den*, 322 Or 360 (1995) (same). In arguing to the contrary, defendant makes two arguments, which we discuss in turn.

First, defendant argues that Ensley did not smell alcohol on defendant until *after* she arrested him, and that the court's contrary factual finding was not supported by the record. We disagree. The trial court specifically found that the officers arrested defendant "*after* \*\*\* the smell of alcohol \*\*\* was observed." (Emphasis added.) And that finding is supported by evidence in the record. Specifically, Officer Ensley testified that smelling alcohol on defendant was one of the facts that supported her probable-cause determination and that she only took defendant into custody *after* she developed probable cause. *See DeJong*, 368 Or at 643 (we "are bound by the trial court's factual findings if there

is constitutionally sufficient evidence to support them"). Defendant also argues that the evidence does not indicate that Ensley used the word "custody" synonymously with "handcuffing," and the trial court did not make findings as to when Ensley arrested defendant. However, both parties argued at the hearing that defendant was "arrested" when he was "handcuffed," and not at some other time. Therefore, when the trial court concluded that Ensley "arrested" defendant after she smelled alcohol, we can infer that the trial court used that word synonymously with handcuffing.

Second, defendant argues that the state's arguments have shifted significantly on appeal, amounting to an alternative basis for affirmance that was not raised below we should not consider. *See Outdoor Media Dimensions Inc. v. State of Oregon*, 331 Or 634, 659, 20 P3d 180 (2001) (permitting a reviewing court "as a matter of discretion—to affirm the ruling of a lower court on an alternative basis when certain conditions are met"). According to defendant, the prosecutor argued to the trial court that Ensley smelled alcohol after the officers "*opened defendant's car door*," but on appeal, the state argues that "it is reasonable to infer *** that Ensley observed those signs [of alcohol intoxication] as she '*got him out of the vehicle*.'" (Emphasis added.) We conclude that the state's arguments have not shifted. In both its arguments before the trial court and on appeal, the state argued that the officers had probable cause to arrest defendant for DUII partially based on the fact that Ensley smelled alcohol on defendant *before* arresting him. On appeal, the state appears simply to be making arguments about how we should interpret the trial court's findings of fact and its ruling in accordance with our standard of review. And, indeed, the trial court explicitly found that Ensley smelled alcohol before the arrest, so the state is not presenting an alternative basis for affirmance.

Accordingly, we conclude that the trial court did not err when it denied defendant's motion to suppress due to lack of probable cause.

Affirmed.