No. 581          June 24, 2026          883

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOHNATHAN DAVID DUTRA,
*Defendant-Appellant.*

Multnomah County Circuit Court
24CR05638; A185679

Steffan Alexander, Judge.

Submitted on June 3, 2026.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Kelsey Townsend, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Paul L. Smith, Solicitor General, and Kyleigh Gray, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Powers, Judge, and O'Connor, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

Defendant appeals his conviction for driving under the influence of intoxicants (DUII). ORS 813.010. He assigns error to the trial court's denial of his motion to suppress evidence, arguing that the officer who arrested him did not have objectively reasonable probable cause to arrest him. In reviewing the trial court's denial of defendant's motion to suppress for legal error and being bound by its findings if there is constitutionally sufficient evidence to support them, *State v. DeJong*, 368 Or 640, 643, 497 P3d 710 (2021), we conclude that the trial court did not err in denying defendant's motion to suppress, because defendant's arrest was supported by probable cause. Accordingly, we affirm.

An officer may arrest a person without a warrant if the officer "has probable cause to believe that the person has committed a crime." *State v. Huerta-Contreras*, 336 Or App 251, 252, 560 P3d 728 (2024), *rev allowed*, 373 Or 736 (2025) (internal quotation marks omitted). To have probable cause, an officer must subjectively believe that a crime has been committed by the person, and the officer's belief must be objectively reasonable under the circumstances. *Id.* "In determining whether probable cause exists, we consider the totality of the circumstances presented to the officer and reasonable inferences that may be drawn from those circumstances; no single factor is dispositive." *State v. Kappel*, 190 Or App 400, 404, 79 P3d 368 (2003), *rev den*, 336 Or 509 (2004).

In this case, the trial court did not err when it concluded that the officer had probable cause to arrest defendant for DUII. Officer Ruch responded to a single-vehicle accident in which defendant's vehicle had crashed into a utility pole with enough force to deploy the airbags. While talking to defendant, Ruch noted the scent of alcohol and that defendant was flushed and swaying. When Ruch asked how the crash had happened, defendant responded that he had been drinking. At the suppression hearing, Ruch testified that she developed reasonable suspicion of DUII based on her observations of defendant and his statements.

Based on those facts, the court correctly concluded that Ruch had probable cause to arrest defendant. *See*

*State v. Stroup*, 147 Or App 118, 122, 935 P2d 438 (1997) ("[A] person is under the influence of intoxicating liquor or a controlled substance when the person's physical or mental facilities are adversely affected to a noticeable or perceptible degree."); *State v. Forrest*, 174 Or App 129, 136 & n 2, 25 P3d 392 (2001) (describing facts giving rise to probable cause of DUII, including erratic driving, a strong odor of alcohol coming from the defendant's car, watery eyes, and halting speech, and noting that those facts showed impairment).

Defendant argues that Ruch did not have objectively reasonable probable cause of DUII because, although the evidence supported a conclusion that defendant had been drinking, there was not evidence that his drinking had led to *impairment*, as necessary for DUII. We disagree. Ruch's observations of defendant's physical state, combined with his admission that he had been drinking in response to her question of how the accident had happened, objectively established that defendant more likely than not was impaired to a perceptible degree.

Accordingly, we conclude that the trial court did not err when it denied defendant's motion to suppress due to lack of probable cause.

Affirmed.